THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DARRELL KING,

Plaintiff,

v.

M/V DYNASTY, her tackles, appurtenances, cargo, IN REM, and her owner and operators , AMERICAN SEAFOODS CO., IN PERSONUM

Defendants.

NO. 09-792 RSL

DEFENDANT AMERICAN SEAFOODS' MOTION TO DISMISS PLAINTIFF'S CLAIMS

**NOTE FOR MOTION CALENDAR: Friday, March 27, 2010**

Defendant American Seafoods Company LLC ("ASC") respectfully moves the Court pursuant to Fed.R.Civ.P. 37(b)(2)(A) and 41(b) to dismiss plaintiff's case in its entirety due to his failure to comply with multiple discovery Orders and his failure to prosecute the action. ASC also seeks an award of attorney fees in connection with filing this motion. This motion is based on this Memorandum of Law, the documents attached thereto, the Court's February 5th and 25th Orders, and the documents and pleadings on file with the Court.

**SUMMARY OF MOTION**

Plaintiff has refused to answer discovery propounded last summer. He ignored the Court's February 5th Order compelling him to respond by February 12, 2010, and also its

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA 98101
Tel. (206) 956-4204
Fax: (206) 956-4214

February 25th Order allowing him until the end of that day to produce responses. Defendant does not know the basis of plaintiff's claims and has not had an opportunity to depose the plaintiff (which it does not want to exercise without first obtaining discovery responses). Defendant has attempted to complete discovery in good faith, but plaintiff has taken no action to prosecute the case and continues to ignore both his discovery obligations and two Court Orders. Accordingly, the Court should dismiss the case and award ASC a discovery sanction against plaintiff and his attorney for its legal fees.

## RELEVANT FACTS

Plaintiff filed this lawsuit on June 10, 2009 (dkt. 1). He alleges in his Complaint suffering an injury to his lower back and extremities when helping move an oxygen tank up a flight of stairs aboard ASC's vessel AMERICAN DYNASTY.

Defendant served its Initial Disclosures on July 31, 2009 and its First Interrogatories and Requests for Production of Documents upon plaintiff by mail on July 2, 2009. Defendant's counsel sent letters to plaintiff's counsel on September 9, 2009, September 17, 2009, and again on November 11, 2009 demanding discovery responses and Initial Disclosures. In December, plaintiff's counsel requested a second copy of defendant's discovery requests, claiming he lost the originals. A second set was mailed to plaintiff's counsel on December 8, 2009. No discovery responses, however, were produced.

Defendant filed a motion to compel plaintiff to answer discovery on January 12, 2010 (dkt. 9). The Court granted this motion on February 5, 2010 (dkt.11) directing plaintiff to answer discovery within seven days of the date of the order. The seven day period expired on Friday, February 12th, but plaintiff did not serve discovery responses and Initial Disclosures.

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA 98101
Tel. (206) 956-4204
Fax: (206) 956-4214

On February 19th, plaintiff's counsel telephoned ASC's counsel advising that he just learned of the Court's February 5th order and requested additional time to respond. Plaintiff's counsel stated that he would have discovery to us immediately. We agreed to give him until Tuesday, February 23rd to provide discovery responses and Initial Disclosures, which was confirmed by letter. Ex. A hereto. No responses were produced by this time. On February 25th, plaintiff filed his "Motion and Declaration and Response to Order to Compel and Report of Electronic Failure," seeking until the end of the day to respond to the Court's February 5th Order (dkt 12). The Court issued its second Order that same day granting plaintiff until the end of the day, i.e., February 25th, to comply.

On February 26th, ASC's counsel received in the mail plaintiff's "Initial Disclosures Pursuant to Court Order of 02-25-2010." Ex. B hereto. The document provided signed releases for medical records and also copies of documents that had been produced by ASC in its Initial Disclosures last summer. No new documents were produced about his claim and certainly no sworn answers about his accident and liability allegations. Plaintiff has not served discovery responses and ignored the Court's two discovery orders. ASC's counsel has been involved with a trial over the past week. Having given plaintiff another week to respond to the two pending Court orders, we now move to dismiss for failure to prosecute the claim.

## LEGAL DISCUSSION

A defendant may move the Court to dismiss an action due to the plaintiff's failure to prosecute his claim. Fed.R.Civ.P. 41(b). Such dismissal, if granted, is with prejudice. Id. The Court may also dismiss the action as a discovery sanction under Rule 37(b)(2)(A) for ignoring the Court's discovery orders.

In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Court must consider weigh five factors: (1) the public's interest in expeditious resolution

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA 98101
Tel. (206) 956-4204
Fax: (206) 956-4214

of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984), cert. denied, 470 U.S. 1007 (1985).

(a) *Expeditious Resolution of Litigation*

This factor involves a finding that the plaintiff's delay was unreasonable. In re Eisen, 31 F.3d at 1451; Henderson, 779 F.2d at 1423. The trial court is accorded deference in determining what constitutes an unreasonable delay "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." Id. Herein, plaintiff has ignored Court ordered deadlines three times (last summer to file the JSR, and now twice to answer defendant's discovery requests). Plaintiff has failed to conduct any discovery and also has failed to meet his discovery obligations. Defendant does not know his liability allegations given the relatively innocuous circumstances about which plaintiff claims to give rise to liability. Witnesses are currently fishing and unavailable. Even if responses were provided now, defendant will have to obtain an extension of the discovery and trial dates so as to allow defendant sufficient time to obtain relevant records, depose plaintiff, and then identify and possibly depose any other necessary witnesses in order to prepare its defense.

Such delay in responding to discovery, particularly in view of the Court's Orders directing plaintiff to respond, is unreasonable.

(b) *Court's Need to Manage Its Docket*

This factor is considered in conjunction with the public's interest in the expeditious resolution of litigation. Eisen, 31 F.3d at 1452. The trial court is given deference in weighing this factor as it knows when its docket may become unmanageable. Id. Henderson, 779 F.2d at 1423.

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA 98101
Tel. (206) 956-4204
Fax: (206) 956-4214

The Court has already ordered plaintiff to answer discovery twice, which orders plaintiff has ignored. Plaintiff has refused to comply with his discovery obligations for seven months. By not complying with his obligations under the Civil Rules, the Court's scheduling order, and the Court's discovery Orders, plaintiff is needless increasing work for the Court by causing the filing of motions to compel compliance.

(c) *Risk of Prejudice to Defendant*

"[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure [to prosecute the case]. Eisen, 31 F.3d at 1452. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The delay gives rise to a presumption of prejudice. Id.

Defendant has no information about the nature of plaintiff's liability allegations. Nearly two and a half years have past since his accident, and the recollections of witnesses, once they are identified, who can address plaintiff's liability allegations, when made known, becomes more difficult with time. It is unfair to force defendants to find witnesses to conditions that will be alleged to exist aboard its vessel when the delay in identifying such information and prejudice due to faded memories arose solely because plaintiff refused to comply with his discovery obligations.

(d) *Disposition of Cases on Their Merits*

This factor is not examined in isolation, but is instead weighed against the plaintiff's delay and the prejudice suffered by defendant. Eisen, 31 F.3d at 1454. A court need not scrutinize the merits of the claim in deciding whether to dismiss. "Even if the plaintiff has an obviously strong case, dismissal would be appropriate if the plaintiff has clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof." Id.

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA 98101
Tel. (206) 956-4204
Fax: (206) 956-4214

Herein, the plaintiff claims injury while carrying a gas bottle with multiple crewmembers shortly after starting work with ASC. He was provided sufficient help for what is an ordinary task aboard the vessel. His claim seems of questionable merit. Plaintiff has clearly ignored his obligations to the Court by ignoring his discovery and the Court's Order compelling him to answer same. This factor mediates toward dismissing the case.

(e) *Availability of Less Drastic Sanctions*

The trial court should make a "reasonable exploration of possible and meaningful alternatives" to dismissal, although a specific analysis of such is not necessary. Eisen, 31 F.3d at 1455. Monetary sanctions would not seem appropriate, apart from defendant's attorney fees for this and the prior motion to compel, because they will not alter the lack of time available for conducting discovery. Given that the Court has already ordered plaintiff twice to answer discovery, it is unlikely that any sanction would motivate plaintiff to comply with his discovery obligations. A specific warning that the case may be dismissed is not necessary to enter a Rule 41(b) order. Id. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).

## SANCTIONS

ASC's counsel spent 5 hours time preparing the previous and current motions to compel discovery responses. ASC requests as a sanction that it be awarded this time against plaintiff and his counsel at a rate of $300 per hour, or $1500.

## CERTIFICATION

I certify under penalty of perjury that the foregoing is true and correct. I further certify that prior to filing this motion, the undersigned conferred with plaintiff's counsel by telephone on February 19th both in writing and by telephone, as set forth above, to attempt to obtain compliance with the Court's discovery order and production of his long outstanding discovery requests.

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA 98101
Tel. (206) 956-4204
Fax: (206) 956-4214

**CONCLUSION**

For the foregoing reasons, Defendant American Seafoods Company LLC respectfully requests that this action be dismissed pursuant to in its entirety and with prejudice and that it be awarded sanctions in the amount of $1500.

DATED this 4th day of March, 2010.

GASPICH & WILLIAMS PLLC

s/Anthony J. Gaspich
Anthony J. Gaspich, WSBA No. 19300
Russell R. Williams, WSBA No. 21203
Attorneys for Defendants American Seafoods Company, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which will send notification of such filing to the following: Horton Smith, hsmithhradm@aol.com

s/Anthony J. Gaspich
Gaspich & Williams PLLC
1809 Seventh Ave., Suite 609
Seattle, WA 98101
Tel.: 206-956-4204
Fax.: 206-956-4214
Email: tony@gaspichwilliams.com

DEF'T ASC'S MTN TO DISMISS PLAINTIFF'S CLAIMS - 7

**GASPICH & WILLIAMS PLLC**
1809 Seventh Avenue, Suite 609
Seattle, WA 98101
Tel. (206) 956-4204
Fax: (206) 956-4214